NO. 07-03-0500-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 7, 2004

_____

JEREMY HUNTER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-429,897; HON. CECIL PURYEAR, PRESIDING

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellant, Jeremy Hunter, appeals the judgment revoking his probation for delivery of a controlled substance. We dismiss the proceeding for lack of jurisdiction.

The judgment revoking probation, from which appellant is appealing, indicates that sentence was imposed on March 28, 2003. Appellant then filed a notice of appeal on November 24, 2003. No motion for new trial was filed.

To be timely, a notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court or within 90 days after that date if a motion for new

trial is filed. TEX. R. APP. P. 26.2(a). Thus, appellant's notice of appeal was due to be filed on or about April 28, 2003, but was not filed until November 24, 2003. Furthermore, he did not move for an extension of the deadline.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If the notice is not timely, then the court of appeals can take no action other than to dismiss the proceeding. *Id.* at 523. Because appellant's notice of appeal was untimely filed, we have no jurisdiction to consider the appeal.

Accordingly, the appeal is dismissed.

Per Curiam

Do not publish.